Ross Cornell, Esq., APC (SBN 210413)
P.O. Box 1989 #305
Big Bear Lake, CA 92315
Phone: (562) 612-1708
Facsimile: (562) 394-9556
Email: rc@rosscornelllaw.com

Attorneys of Record for Plaintiff,
BRYAN ESTRADA

LEWIS BRISBOIS BISGAARD & SMITH LLP
MELISSA T. DAUGHERTY, SB# 227451
E-Mail: Melissa.Daugherty@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

LEWIS BRISBOIS BISGAARD & SMITH LLP
STEPHEN E. ABRAHAM, SB# 172054
E-Mail: Stephen.Abraham@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Telephone: 714.668.5562
Facsimile: 714.850.1030

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan Estrada, <br><br>　　　　Plaintiff <br><br>　　　　v. <br><br>Public Storage, et al., <br><br>　　　　Defendants. | Case No.: <br><br>5:21-cv-00569-JWH-SP <br><br>Hon. John W. Holcomb <br><br>**JOINT REPORT OF EARLY CONFERENCE OF COUNSEL UNDER RULE 26(f)** <br><br>**Scheduling Conference:** <br>Date: July 23, 2021 <br>Time:  9:00 am. <br>Dept:  Courtroom 2 |

- 1 -

**JOINT F.R.C.P. 26(f) REPORT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff BRYAN ESTRADA and Defendant PUBLIC STORAGE hereby jointly submit their report of the early meeting of counsel, as required by FRCP 26(f).

**A.     SYNOPSIS**

**Plaintiff's Claims:**

Plaintiff is a paraplegic who utilizes a wheelchair which he requires for mobility purposes. Prior to filing the instant lawsuit, Plaintiff personally attempted to access the defendant's establishment. Plaintiff encountered a lack of ADA compliant wheelchair accessible features that he believes to be required at the property under state and federal law and was prevented from accessing areas of the business due to the presence of barriers and lack of ADA-mandated accessible features. Plaintiff brings the within action for violations of the Americans with Disabilities Act. Plaintiff's claim is that the defendants failed to take reasonable steps to remove architectural barriers, the removal of which was and is readily achievable, resulting in unlawful discrimination against the Plaintiff and other disabled members of the community that continues.

**Defendant's Claims:**

Plaintiff has not sufficiently alleged an injury in fact. He vaguely describes the date – allegedly the month before filing the complaint. The only reason for not specifying the date would be to avoid being "pinned down" as to any facts. Plaintiff does not describe any attempt to park in a lot with allegedly non-compliant conditions nor any attempt to patronize the business . In other words, this complaint has all the hallmarks of a "drive-by" lawsuit.

**B.     LEGAL ISSUES**

Plaintiff: that the following legal issues are the primary issues to be resolved in this case: the existence of specific architectural barriers, the extent to which the removal of barriers is readily achievable, the extent to which barriers continue to exist in altered

areas, the feasibility of the barrier removals sought by the Plaintiff, the Plaintiff's entitlement to an injunctive relief order.

Defendant: The disputed issues are: (1) Whether Plaintiff has standing to maintain his action; (2) Whether this Court has jurisdiction to hear the matter; (3) Whether Plaintiff actually encountered an actionable architectural barrier; (4) Whether Plaintiff has suffered an injury in fact; (5) Whether Plaintiff is entitled to any relief.

### C. **DAMAGES**

Plaintiff has statutory damages claims under state law but has not asserted them in this action.

### D. **INSURANCE**

No policy of insurance is applicable to the claims in this action.

### E. **MOTIONS**

Plaintiff does not anticipate filing a motion seeking to add parties or claims or to transfer venue. Plaintiff may seek leave to amend his complaint to include additional barriers after completing an expert inspection. Plaintiff filed a motion to strike improper affirmative defenses from the Defendant's amended answer, which is on calendar for August 27, 2021.

Defendant anticipates Plaintiff will desperately search the property looking for any basis for asserting continuing federal jurisdiction. Plaintiff has had months since the alleged visit before the complaint was filed and months since the complaint was filed to come up with new allegations or theories. It is a typical tactic of plaintiff's attorneys in these sorts of cases who will base a complaint on one or two alleged violations and then use the complaint to bootstrap other claims relating to conditions never encountered by the plaintiff. However, if plaintiff never encountered those conditions, they cannot serve as an independent basis for federal jurisdiction. In light of the foregoing, any such

amendment would be futile. As an independent ground, Plaintiff should not be allowed to amend the complaint where he has had months to consider the nature of claims and parties. Defendant requests that the last date to hear any motion to amend the pleadings be no later than 45 days following the scheduling conference or issuance of scheduling order.

### F.   DISCOVERY AND EXPERTS

**Plaintiff's Position**:

No party has served written discovery as of the date of this report.  The parties do not foresee the need to make changes in connection with the disclosure requirements set forth in FRCP 26(a) and do not believe discovery practice needs to be limited or conducted in phases. Plaintiff anticipates discovery into issues regarding the existence of barriers at the subject property, contentions regarding why the Defendants might claim that barriers removals are not readily achievable or are otherwise infeasible, and financial discovery as necessary to establish a prima facie case for barrier removals.  Plaintiff anticipates conducting no more than three depositions.  Plaintiff contends there is no need to change the due dates for expert witness disclosures set forth in FRCP 26(a)(2)(D)(i).

**Defendant's Position:**

Defendant intends to propound written discovery and take the deposition of Plaintiff. Defendant may also request Plaintiff's medical records and a medical examination of Plaintiff to determine whether Plaintiff qualifies as a person with a "disability" as defined by federal law and to determine the nature of Plaintiff's alleged disability. Defendant will seek discovery concerning Plaintiff's attempted visit(s) and visit(s) to the subject property, alleged deterrence from the subject property, and discovery relating to Plaintiff's litigation history.

### G.    DISPOSITIVE MOTIONS

Plaintiff will bring a motion for summary judgment regarding the nature of the property as a public accommodation, the ownership and operation of the property by the Defendants, the applicability of Americans with Disabilities Act standards, the existence of unlawful architectural barriers, the removal of barriers as both feasible and readily achievable, and the failure to remove barriers as actionable discrimination against the Plaintiff on the basis of his disability. Plaintiff anticipates motions *in limine* within applicable timeframes.

Defendant's Position:

Defendant anticipates filing a motion for summary judgment as to plaintiff's federal claim.

### H.    SETTLEMENT AND SETTLEMENT MECHANISM

No settlement has been reached. Pursuant to Local Rule 16-15.4, the Parties select ADR procedure number two, and prefer to appear before a neutral selected from the Court's Mediation Panel.

### I.    TRIAL ESTIMATE

Plaintiff estimates a four-day jury trial with five witnesses.

Defendant estimates a two-day jury trial and anticipates calling 2 witnesses in its case in chief.

### J.    MANUAL FOR COMPLEX LITIGATION

The parties do not believe that reference to the manual for complex litigation is necessary.

### K. SUBJECT MATTER JURISDICTION

Plaintiff's position:

This Court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4) for violations of the ADA.

Defendant's position:

Plaintiff's claim facially arises under federal law. Defendant disagrees that Plaintiff has established a basis in federal law for his claim.

### L. PARTIES AND EVIDENCE

Plaintiff expect to present the four to five witnesses:  Plaintiff, Defendant's on-site manager, Plaintiff's ADA consultant, Plaintiff's construction contractor.  Plaintiff expects to present the following evidence:  photographic / video evidence of the condition of the property, expert reports establishing necessary barrier removals, public records evidencing ownership of the property.

Defendant expects to present two or three witnesses in its case in chief, depending on whether foundation for certain matters can be stipulated in advance of trial. Defendant will call an ADA consultant and maybe a contractor. Defendant expects to present evidence of conditions of the property contemporaneous with adjudication of the claim.

### M. TRIAL COUNSEL

Plaintiff will be represented by trial counsel Ross Cornell (captioned above).

Defendant will be represented by trial counsel Stephen E. Abraham and Melissa T. Daugherty.

/ / /

/ / /

**N.      INDEPENDENT MASTER**

The parties do not believe an independent science expert or Rule 53 master is necessary or appropriate in this case.

Respectfully submitted,

Dated: July 12, 2021

By: /s/ *Ross Cornell*
Ross Cornell, Esq.,
Attorneys for Plaintiff,
BRYAN ESTRADA

Dated: July 12, 2021

By: /s/ *Stephen E. Abraham*
Stephen E. Abraham, Esq.,
Attorneys for Defendant,
PUBLIC STORAGE

**SIGNATURE ATTESTATION**

I hereby attest that all signatories listed above, on whose behalf this report is submitted, concur in the filing's content and have authorized the filing.

Dated:  July 12, 2021         LAW OFFICES OF ROSS CORNELL, APC

By:     /s/ Ross Cornell
Ross Cornell, Esq.,
Attorneys for Plaintiff

# EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 5:21-cv-00569-JWH-SP | | |
|---|---|---|---|
| **Case Name** | Estrada v. Public Storage | | |
| Matter | Plaintiff(s)' Request month/day/year | Defendant(s)' Request month/day/year | Court's Order |
| ☒ Jury Trial *or* ☐ Bench Trial **(Monday at 9:00 a.m.)** Length: __4__ Days | June 13, 2022 | June 13, 2022 | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *in Limine* **(Friday – 17 days before trial date)** | May 27, 2022 | May 27, 2022 | |
| Last Date to Conduct Settlement Conference | February 7, 2022 | February 7, 2022 | |
| Last Date to *Hear* Non-Discovery Motions (Friday at 9:00 a.m.) | March 4, 2022 | March 4, 2022 | |
| All Discovery Cut-Off (including hearing all discovery motions) | March 25, 2022 | March 25, 2022 | |
| Expert Disclosure (Rebuttal) | February 11, 2022 | February 11, 2022 | |
| Expert Disclosure (Initial) | January 7, 2022 | January 7, 2022 | |

ADR [L.R. 16-15] Settlement Choice:

    ☒ Attorney Settlement Officer Panel

    ☐ Private Mediation

    ☐ Magistrate Judge